Daniel D. Maynard, No. 009211
**MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**
3200 North Central Avenue, Ste. 1800
Phoenix, Arizona 85012
(602) 279-8500
dmaynard@mmcec.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Haug,<br><br>    Plaintiff,<br><br>v.<br><br>Midstate Mechanical, Inc., an Arizona corporation; Midstate Mechanical Nonqualified Defined Contribution Plan; and Midstate Mechanical Nonqualified Deferred Compensation Plan,<br><br>    Defendant. | No. _____<br><br>**COMPLAINT** |

Plaintiff, Jon Haug ("Mr. Haug") for his complaint against Defendant Midstate Mechanical, Inc. ("Midstate"), Midstate Mechanical Nonqualified Defined Compensation Plan (the "Defined Plan"), and Midstate Mechanical Nonqualified Deferred Corporation Plan (the "Deferred Plan"), alleges as follows:

## NATURE OF DISPUTE

1. This action arises out of Mr. Haug's claim for benefits under the Deferred Plan, attached as Exhibit 1, and the Defined Plan, attached as Exhibit 2. The Deferred Plan and the Defined Plan will be referred to jointly as the "Plans."

2. Mr. Haug began making deferred contributions in 2005 while an employee of Midstate. In 2010, Mr. Haug resigned from Midstate to start his own business.

3. At the time of his leaving, Mr. Haug had contributed $36,800 to the Deferred Plan and Midstate, pursuant to ¶ 4.3 of the Deferred Plan was to have contributed three times

1 | Mr. Haug's deferred contribution and pursuant to ¶ 4.2 of the Defined Plan, one times Mr.
2 | Haug's deferred contributions.
3 |     4.    Mr. Haug made demand for his payment to the Plans payments on January 2,
4 | 2011.
5 |     5.    Midstate denied payments to Mr. Haug.
6 |     6.    Mr. Haug appealed and Midstate granted Mr. Haug's appeal in part and denied
7 | the appeal in part claiming that Mr. Haug was in violation of ¶ 4.6 of the Deferred Plan
8 | contending he had been found guilty of acts of gross misconduct, fraud, dishonesty, larceny,
9 | or deception against Midstate. No such finding has ever been made nor can it because there
10 | is no factual basis for such a finding. Midstate has not followed ERISA rules and regulations
11 | in handling the Deferred Plan nor the Defined Plan and its decision to not pay Mr. Haug is
12 | made in bad faith and without justification. Additionally, it is believed that the Plans are not
13 | top hat plans and therefore, Mr. Haug is completely vested in all monies placed in the Plans
14 | but if they are top hat plans, it is believed he is vested in 60% of Midstate's contributions plus
15 | 100% of his own. Lastly, Mr. Haug is asking for an accounting as to when contributions were
16 | made and how they were invested.

## PARTIES AND JURISDICTION

18 |     7.    Mr. Haug, at all pertinent times, is a resident of Maricopa County, and an
19 | employee of Midstate until he resigned in 2010.
20 |     8.    Upon information and belief, Midstate is a company incorporated under the laws
21 | of the State of Arizona with its principal place of business in Phoenix, Arizona.
22 |     9.    Upon information and belief, the Midstate Mechanical Nonqualified Defined
23 | Compensation Plan ("the Defined Plan") is an employee pension benefit Plan under 29 U.S.C.
24 | § 1002(2) and 29 U.S.C. § 1132(d)(1). Upon information and belief, Midstate is the sponsor
25 | of the Defined Plan and it is believed that there was no Defined Plan administrator until Mr.
26 | Jones was appointed in 2011.

10. Upon information and belief, the Midstate Mechanical Nonqualified Deferred Compensation Plan is an Employee Benefit Plan under 29 U.S.C. § 1002(2) and 29 U.S.C. § 1132(d)(1). Upon information and belief, Midstate is the sponsor of the Deferred Plan, it had no administrator until Mr. Jones was appointed the administrator in 2011.

11. Jurisdiction is proper as this Court has original, federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because this matter relates to a claim of Mr. Haug for benefits under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B)(the Employee Retirement Income Security Act of 1974 ("ERISA").

12. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper because the Plans are administered in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district

**PERTINENT FACTS**

13. Mr. Haug resigned from employment with Midstate on June 10, 2010.

14. On or about mid-June 2010, Mr. Haug called Corporate and Endowment Solutions Inc. ("CES") to inquire about the amount he had in the Plans.

15. Mr. Haug received a letter dated July 12, 2010 from CES (Ex. 3) stating that he was vested as of July 8, 2010, in $105,506.21; $35,168.74 from his employee contributions and earnings [losses] and $70,337.47 from employer contributions made on his behalf.

16. After receiving the July 12, 2010 letter, Mr. Haug had several conversations with CES employees requesting his contributions and eventually Mr. Haug was told to contact Midstate.

17. On or about January 2, 2010, Mr. Haug wrote David Jones, the Chief Executive Officers of Midstate inquiring as to when he would be receiving his contributions and requesting a one-time lump sum in lieu of a ten (10) year distribution. (Ex. 4). Mr. Haug considered this letter as his claim under the Plans.

18.     Some time after January 2, 2011, Mr. Jones responded denying Mr. Haug's claim. (Ex. 5).

19.     Mr. Jones' letter made several untrue comments including "during your employment with the Company ("Midstate") you committed acts of gross misconduct, fraud, dishonesty, larceny, and deception." (*See* Ex. 5).

20.     Upon information and belief, neither Plan is a top hat plan since they include employees of Midstate who are not high level employees nor highly compensated.

21.     Upon information and belief, prior to April 2011, Midstate had not timely filed a top hat disclosure statement for the Plans and had not filed Form 5500 annually for the Plans.

22.     Upon information and belief, Midstate has been in violation of ERISA rules and regulations.

23.     On March 2, 2011, Mr. Haug's counsel filed an appeal of the denial of Mr. Haug's claim. (Ex. 6)

24.     On April 18, 2011, Midstate's counsel acknowledged the appeal. (Ex. 7)

25.     On April 29, 2011, Mr. Jones, in his alleged capacity as Plan Administrator, responded to Mr. Haug's appeal and approved the claim in part and denied it in part. (Ex. 8)

26.     Mr. Jones recognized that Mr. Haug participated in the Deferred Plan and Defined Plan.

27.     Mr. Jones acknowledged that Mr. Haug made a total of $36,800 in contributions to the Deferred Plan ($16,000 in 2005; $4,000 in 2006, and $16,800 in 2007) and Mr. Jones stated that the deferred contributions had suffered losses as of July 8, 2010 and that the value of Mr. Haug's contribution was $35,168.74.

28.     Pursuant to ¶ 4.3 of the Deferred Plan, Midstate credited Mr. Haug's account with matching contributions equal to three (3) times Mr. Haug's deferred contributions and pursuant to ¶ 4.2 of the Defined Plan, Midstate credited Mr. Haug's account with Company Contributions equal to one times Mr. Haug's deferral contributions in the Deferred

Compensation Plan.

29. Upon information and belief, Midstate should have made matching contributions pursuant to ¶ 4.3 of the Deferred Plan of $110,400 and $36,800 pursuant to ¶ 4.2 of the Deferred Plan or a total of $147,200.

30. Upon information and belief, Midstate's contributions are subject to a vesting schedule if these are top hat plans and if it is not a top hat plan, then Mr. Haug is fully vested.

31. Upon information and belief, Midstate was not in compliance with ERISA regulations and made a late filing of Form 5500 along with penalty payments on April 26, 2011 with the Department of Labor and signed by Mr. Jones as the Defined Plan and Deferred Plan Administration. (Ex. 8)

32. Upon information and belief, when Mr. Jones originally denied Mr. Haug's claim, he was not the duly appointed Plan Administrator for either Plan.

33. Upon information and belief, Mr. Jones' actions in denying Mr. Haug's claims were in violation of ERISA regulations and the findings and conclusions in the Denial Letter are arbitrary and capricious and the Plan Administrator did not investigate timely nor did it utilize all the information at its disposal and it disregarded information that it had access to.

34. Upon information and belief, if the vesting provision applies, Mr. Haug became vested on January 1 of each year that he was in the Plans pursuant to ¶ 4.5b and since he was in the Plan on January 1, 2005 through January 1, 2010, he is at least 60% vested.

35. Upon information and belief, the Plans are not top hat plans.

36. Mr. Haug never had a non-competition agreement with Midstate.

37. Mr. Haug never committed any acts of gross misconduct, fraud, dishonesty, larceny, or deception and there have never been any such findings.

### First Claim for Relief

**(Declaratory Judgment -- Midstate, Defined Plan and Deferred Plan)**

38. Mr. Haug incorporates by reference the allegations set forth in paragraphs 1-37 above as though set forth in this First Claim for Relief.

39. Mr. Haug seeks a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* of the rights, status and other legal relations and obligations between the parties.

40. Mr. Haug seeks an order that pension benefits are owed to Mr. Haug and that the Plan Administrator's findings and conclusions in the Denial Letter are arbitrary or capricious and that the Plan Administrator did not investigate timely nor did it utilize all the information at its disposal and in fact, it disregarded information that he had access to.

WHEREFORE, Mr. Haug prays for judgment against Midstate, the Defined Plan, and the Deferred Plan as follows:

A. For a judgment that Mr. Haug is entitled to pension payments from Midstate, the Defined Plan, and the Deferred Plan in an amount to be determined at trial;

B. For prejudgment and post-judgment interest on the back amount due to Mr. Haug;

C. For the Mr. Haug's attorneys' fees and taxable costs incurred herein;

D. For an order that pursuant to ERISA § 502(c)(1), the Plan Administrator failed to provide the Plans related documents requested by Mr. Haug's attorneys and for an additional award of $110 a day for each day the failure to comply continues; and,

E. For such other and further relief as the Court deems just and proper.

### Second Claim for Relief

**(Breach of Good Faith and Fair Dealing - Midstate, Defined Plan, and Deferred Plan)**

41. Mr. Haug incorporates by reference the allegations set forth in paragraphs 1-40 above as though set forth in this Second Claim for Relief.

42. Midstate, the Defined Plan, and the Deferred Plan breached the implied in law covenant of good faith and fair dealing of Midstate's employment contract with Mr. Haug by failing to live up to the terms of the agreement and failing to provide him with his full benefits.

43. Because of the breach of the covenant of good faith and fair dealing by Midstate, the Defined Plan, and the Deferred Plan, Mr. Haug has suffered compensatory damages.

WHEREFORE, Mr. Haug prays for judgment against Midstate, the Defined Plan, and the Deferred Plan as follows:

A. For a judgment that Mr. Haug is entitled to pension payments from Midstate, the Defined Plan, and the Deferred Plan in the amount to be determined at trial;

B. For prejudgment and post-judgment interest on the back amount due to Mr. Haug;

C. For the Mr. Haug's attorneys' fees and taxable costs incurred herein;

D. For such other and further relief as the Court deems just and proper.

### Third Claim for Relief

**(Accounting – Midstate, Deferred Plan and Defined Plan)**

44. Mr. Haug incorporates by reference the allegations set forth in paragraphs 1-43 above as though set forth in this Third Claim for Relief.

45. Mr. Haug requests an accounting of when funds were deposited into the Plans and how they were invested.

WHEREFORE, Mr. Haug prays for judgment against Midstate, the Defined Plan, and the Deferred Plan as follows:

A. For a judgment order an accounting of all funds deposited in the Deferred Plan and the Defined Plan by Mr. Haug and Midstate;

B. For prejudgment and post-judgment interest on the back amount due to Mr. Haug;

C. For the Mr. Haug's attorneys' fees and taxable costs incurred herein;

D.   For such other and further relief as the Court deems just and proper.

DATED this 11th day of August, 2011.

           **MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.**

           By /s/Daniel D. Maynard
              Daniel D. Maynard
              3200 North Central Avenue, Ste. 1800
              Phoenix, Arizona 85012-2443
              Attorneys for Plaintiff

## VERIFICATION

STATE OF Arizona     )
                     ) ss.
County of Maricopa   )

Jon Haug, being first duly sworn upon his oath, deposes and states:

That I am the plaintiff in this matter and verify under penalty of perjury, that I have read the foregoing Complaint and understand the contents thereof and that all the matters stated therein are true to the best of my knowledge, information, and belief, except those matters stated therein upon information and belief, and as to those, I believe them to be true.

By _____
   Jon Haug

SUBSCRIBED AND SWORN to before me this 10th day of August, 2011.

_____
Notary Public

My commission expires:

STACEY TANNER
Notary Public—Arizona
Maricopa County
Expires 06/30/2013