**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Haug, | No. CV-11-01584-PHX-JAT |
| Plaintiff, | **AMENDED ORDER** |
| vs. | |
| Midstate Mechanical, Inc., an Arizona corporation; Midstate Mechanical Nonqualified Defined Contribution Plan; Midstate Mechanical Nonqualified Deferred Compensation Plan, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 7.) The Court now rules on the motion.

**I.    BACKGROUND**

On August 11, 2011, Plaintiff Jon Haug filed a Complaint against Defendants Midstate Mechanical, Inc., Midstate Mechanical Nonqualified Defined Contribution Plan, and Midstate Mechanical Nonqualified Deferred Compensation Plan. (Doc. 1.) Plaintiff's Complaint seeks a declaratory judgment, including an order that Defendants violated 29 U.S.C. § 1132(c)(1); damages for breach of the covenant of good faith and fair dealing; and for an accounting of funds. *Id.* at 6-8. Defendants have moved to dismiss Plaintiff's claims on the basis that they fail to state a claim upon which relief may be granted. (Doc. 7.) In his response, Plaintiff concedes that his claims for breach of the covenant of good faith and fair

1   dealing and for an accounting should be dismissed. (Doc. 9 at 1.)

2   **II.    MOTION TO DISMISS**

3       **A.    12(b)(6) Legal Standard**

4       The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two

5   reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a

6   cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

7   1990).

8       To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

9   requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and

10  plain statement of the claim showing that the pleader is entitled to relief," so that the

11  defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

12  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.

13  41, 47 (1957)).

14      Although a complaint attacked for failure to state a claim does not need detailed

15  factual allegations, the pleader's obligation to provide the grounds for relief requires "more

16  than labels and conclusions, and a formulaic recitation of the elements of a cause of action

17  will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations

18  of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

19  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

20  Without some factual allegation in the complaint, it is hard to see how a claimant could

21  satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

22  'grounds' on which the claim rests." *Id.* (citing 5 C. WRIGHT & A. MILLER, FEDERAL

23  PRACTICE AND PROCEDURE § 1202 (3d ed. 2004)).

24      Rule 8's pleading standard demands more than "an unadorned, the-defendant-

25  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

26  *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will

27  not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual

28  matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*,

1    129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows
2    the court to draw the reasonable inference that the defendant is liable for the misconduct
3    alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a
4    sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts
5    that are 'merely consistent' with a defendant's liability, it 'stops short of the line between
6    possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

7        In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
8    alleged in the complaint in the light most favorable to the drafter of the complaint and the
9    Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
10   234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a
11   legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286
12   (1986).

13       **B.    ERISA § 502(c)**

14       Section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA)
15   creates an "exclusive remedy for rights guaranteed under ERISA." *Ingersoll-Rand Co. v.*
16   *McClendon*, 498 U.S. 133, 144 (1990). Section 502(a)(1) permits a participant or beneficiary
17   to recover the relief provided for in § 502(c). 29 U.S.C. § 1132(a)(1)(A). Section
18   502(c)(1)(B) provides, in part, that a plan administrator "who fails or refuses to comply with
19   a request for any information which such administrator is *required by this subchapter* to
20   furnish to a participant or beneficiary . . . may in the court's discretion be personally liable
21   to such participant or beneficiary . . . ." 29 U.S.C. § 1132(c)(1)(B) (emphasis added).

22       As the plain language of § 502(c)(1) indicates, a remedy only exists if there is a
23   violation of a participant or beneficiary's right to information under ERISA. *See Williams*
24   *v. Caterpillar, Inc.*, 944 F.2d 658, 667 (9th Cir. 1991). Absent a violation of an ERISA-
25   provided right, § 502(c)(1) does not provide any relief.

26       **C.    Discussion**

27       Both parties agree that Plaintiff's Second and Third Claims for Relief should be
28   dismissed. Accordingly, the Court now addresses only Plaintiff's request for § 502(c)

1   damages found in his First Claim for Relief.

2      In evaluating Defendants' motion for dismissal, the Court construes the facts alleged
3   in the Complaint in the light most favorable to Plaintiff. Nevertheless, Plaintiff has failed to
4   sufficiently allege a claim for a § 502(c) violation. Plaintiff argues that paragraph 23 of the
5   Complaint and pages 2-3 of its attached Exhibit 6 serve as adequate pleading. Accepting the
6   facts alleged as true, then Plaintiff has shown that he filed an appeal of Defendants' claim
7   denial and that he asked for "all documents showing how the Committee was constituted,
8   who made the determination who would be on the Committee, the board resolution
9   appointing the Committee and any minutes or documents that reflect any determination by
10  the Committee," as well "copies of the board minutes." (Doc. 1-1 at 41-42.)

11     For Plaintiff to adequately plead a claim under § 502(c)(1), Plaintiff must allege that
12  his request for documents was made pursuant to a statutory right and that the plan
13  administrator wrongfully refused or denied such request in violation of that right. These two
14  requirements must be met to show a valid claim for relief under § 502(c)(1). Plaintiff's
15  Complaint fails to allege any statutory basis for his request for documents, fails to allege that
16  the plan administrator denied his request or failed to provide the requested documents, and
17  fails to allege that this failure was a violation of the an ERISA statute. There is no "fair
18  notice of what the . . . claim is." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).
19  Because the Complaint fails to specify the necessary elements of a claim for relief under §
20  502(c)(1), it lacks both a cognizable legal theory and sufficient facts upon which relief can
21  be granted.

22     Therefore, Plaintiff has failed to sufficiently allege a claim for § 502(c) damages and
23  that request for relief will be dismissed.

24  **III.   LEAVE TO AMEND**

25      **A.   Legal Standard**

26     Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading with
27  either the opposing party's written consent or the court's leave. "The court should freely give
28  leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S.

178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). A party who moves for leave to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation . . ." L. R. CIV. P. 15.1.

Though leave to amend "shall be freely given when justice so requires," FED. R. CIV. P. 15(a), "it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortgage Co., Inc. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). The Ninth Circuit has denied leave to amend where "the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). In making the legal determination that an amended complaint is futile, a court may examine the merits of the case. *See Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

### B.   Discussion

Plaintiff's Response asks this Court to "permit [Plaintiff] an opportunity to amend to set out with more specificity what is alleged clearly in Exhibit 6 of the Complaint." (Doc. 9 at 2.) Because leave to amend shall be freely given when justice so requires, the Court treats this request as a motion for leave to amend the Complaint with respect to the First Claim for Relief, even though Plaintiff has not complied with Local Rule 15.1. Defendant argues that granting leave to amend would be futile and that this Court should not grant such leave. This Court cannot conclude that it would be futile for Plaintiff to amend his complaint. Plaintiff asserts that a valid claim can be alleged "with more specificity," (Doc 9 at 2), and it is possible that Plaintiff can allege facts and statutory violations that satisfy the pleading standard. Because, at this point, the Court cannot say with certainty that amendment would be futile, the Court will give Plaintiff leave to amend.

Accordingly,

**IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 7) Plaintiff's Second and Third Claims for Relief and the request for § 502(c) damages found in the First

1    Claim for Relief.

2         **IT IS FURTHER ORDERED** granting Plaintiff leave to amend the Complaint with

3    respect to the First Claim for Relief. Plaintiff shall file an amended complaint within ten (10)

4    days of this Order. If Plaintiff fails to file an amended complaint within that time, the Court

5    will not consider his request for §502(c) damages.[1]

6         DATED this 23rd day of February, 2012.

7

8                                              _____

9                                              James A. Teilborg
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    _____

27         [1]The Court amends its earlier Order to make clear that if Plaintiff fails to file an
      Amended Complaint, the case will still proceed on his First Claim for Relief for declaratory
28    relief, just without the request for §502(c) damages.