**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jon Haug,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Midstate Mechanical, Inc., an Arizona corporation; Midstate Mechanical Nonqualified Defined Contribution Plan; Midstate Mechanical Nonqualified Deferred Compensation Plan,<br><br>　　　　Defendants. | No. CV-11-1584-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Partial Dismissal of the Amended Complaint. (Doc. 20). The Court now rules on the motion.

**I.    BACKGROUND**

On August 11, 2011, Plaintiff Jon Haug filed a Complaint against Defendants Midstate Mechanical, Inc., Midstate Mechanical Nonqualified Defined Contribution Plan, and Midstate Mechanical Nonqualified Deferred Compensation Plan. (Doc. 1). Plaintiff's Complaint sought a declaratory judgment, including an order that Defendants violated 29 U.S.C. § 1132(c)(1); damages for breach of the covenant of good faith and fair dealing; and for an accounting of funds. *Id.* at 6-8. Defendants moved to dismiss Plaintiff's claims on the basis that they fail to state a claim upon which relief may be granted. (Doc. 7). In his response, Plaintiff conceded that his claims for breach of the covenant of good faith and fair

1  dealing and for an accounting should be dismissed. (Doc. 9 at 1). The Court also dismissed
2  Plaintiff's Claim for damages under the Employee Retirement Income Security Act of 1974
3  (ERISA) § 502(c)(1), 29 U.S.C. § 1132, but granted him leave to amend the complaint to
4  allege facts and legal grounds to satisfy the pleading standard. (Doc. 17).

5  Plaintiff subsequently filed an Amended Complaint on March 2, 2012. (Doc. 19).
6  Defendants again move to dismiss the complaint with regard to Plaintiff's claim for penalties
7  under §502(c)(1), alleging that the documents Plaintiff requested are not required to be
8  produced under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). (Doc. 20 at 1). Plaintiff
9  responds that ERISA does require production of the documents. (Doc. 24 at 1).

10  **II.     MOTION TO DISMISS**

11  **A.     12(b)(6) Legal Standard**

12  The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two
13  reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a
14  cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
15  1990).

16  To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the
17  requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and
18  plain statement of the claim showing that the pleader is entitled to relief," so that the
19  defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*
20  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S.
21  41, 47 (1957)).

22  The factual allegations of the complaint must be sufficient to raise a right to relief
23  above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket
24  assertion, of entitlement to relief. To survive a motion to dismiss, a complaint must contain
25  sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible
26  on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Facial plausibility exists if the
27  pleader pleads factual content that allows the court to draw the reasonable inference that the
28  defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability,"

1 but plausibility requires more than a sheer possibility that a defendant has acted unlawfully.
2 *Id.*

3 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B.   ERISA § 502(c)

Section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA) creates an "exclusive remedy for rights guaranteed under ERISA." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990). Section 502(a)(1) permits a participant or beneficiary to recover the relief provided for in § 502(c). 29 U.S.C. § 1132(a)(1)(A). Section 502(c)(1)(B) provides, in part, that a plan administrator "who fails or refuses to comply with a request for any information which such administrator is *required by this subchapter* to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary . . . ." 29 U.S.C. § 1132(c)(1)(B) (emphasis added).

Administrators are required to furnish "a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" upon written request of a participant or beneficiary. 29 U.S.C. § 1024(b)(4). As the plain language of § 502(c)(1) indicates, a remedy exists only if there is a violation of a participant or beneficiary's right to information under ERISA. *See Williams v. Caterpillar, Inc.*, 944 F.2d 658, 667 (9th Cir. 1991). Absent a violation of an ERISA-provided right, § 502(c)(1) does not provide any relief.

### C.   Discussion

#### i.   The Issue

Accepting the facts alleged as true, Plaintiff has shown that he asked for "all

documents showing how the Committee was constituted, who made the determination who would be on the Committee, the board resolution appointing the Committee and any minutes or documents that reflect any determination by the Committee," as well "copies of the board minutes." (Doc. 19 at 6). He alleges that the administrator was required to provide all of these documents upon written request. Plaintiff concedes that he was provided a copy of the board resolution appointing the Committee, which showed how it was constituted. (Doc. 19 at 6).

As such, the sole issue is whether "any minutes or documents that reflect any determination by the Committee" that Haug was in violation of the plan come within the meaning of "other instruments under which the plan is established or operated."

### ii.     "Other Instruments"

Plaintiff cites to the regulations of the Department of Labor as evidence for the meaning of "other instruments." (Doc. 24 at 2). The sections of the regulations dealing with disclosure requirements are 29 C.F.R § 2520.104B-1 through 29 C.F.R § 2520.104B-30. Plaintiff, however, cites the Department's definition of what is "relevant" to a claimants claim, in the context of a claims process. 29 C.F.R. § 2560.503-1(m)(8)(i-ii). The regulations cited have no bearing on the definition of "other instruments."

The Ninth Circuit Court of Appeals has interpreted §104(b)(4) narrowly and has rejected a general disclosure approach. *See Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes Non-Bargaining Ret. Plan*, 72 F.3d 686, 691 (9th Cir. 1995). "[T]he broad term, other instruments, should be limited to the class of objects that specifically precedes it." *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198, 1202 (9th Cir. 2003). The preceding terms are "governing plan documents." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 84 (1995). "The relevant documents are those documents that provide individual participants with information about the plan and benefits." *Hughes*, 72 F.3d at 690. Administrators need only disclose "legal documents that describe the terms of the plan, its financial status, and other documents that restrict or govern the plan's operation." *Shaver*, 332 F.3d at 1202.

Plaintiff raises the Sixth Circuit position that "all other things being equal, courts

- 4 -

should favor disclosure where it would help participants understand their rights." *Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1070 (6th Cir. 1994). This approach is more permissive than that of the Ninth Circuit, which is itself more permissive than that of the Second or Fourth Circuits. *See Faircloth v. Lundy Packing Company*, 91 F.3d 648, 654 (4th Cir.1996) ("The clear and unambiguous meaning of this statutory language encompasses only formal or legal documents under which a plan is set up or managed") and *Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 142 (2d Cir.1997) ("Congress meant the formal legal documents that govern or confine a plan's operations, rather than the routine documents with which or by means of which a plan conducts its operations."). The Ninth Circuit had the opportunity to consider the permissive approach of the Sixth Circuit, and implicitly rejected it. Thus, this Court must narrowly interpret the term "other instruments."

### iii. "Any Minutes or Documents That Reflect Any Determination by the Committee"

Applying the Ninth Circuit approach, the Court finds that any documents reflecting the determination of the Committee regarding Plaintiff's compliance with the plan do not constitute governing documents of the plan. The plan is clearly not operating under such instruments within the meaning of § 104(b)(4). As such, the request does not fit under § 104(b)(4), and Plaintiff has failed to state a legal basis for relief under § 502(c)(1).

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendants' Motion for Partial Dismissal (Doc. 20) of Plaintiff's First Claim for Relief with regard to the request for § 502(c)(1) penalties.

DATED this 8th day of June, 2012.

James A. Teilborg
United States District Judge